UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM P. BROWN,

    Plaintiff,

v.                                                              Case No. 8:23-cv-141-WFJ-AEP

JOHN DOE, *et al*.,

    Defendants.
_____/

## ORDER

Mr. Brown initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2), which was granted (See Doc. 4). He alleges that between June 17 and June 25, 2022, while detained at the Faulkenburg Road Jail in Hillsborough County, Florida, two "Jane Doe" nurses and one "John Doe" nurse employed by Naphcare, Inc., one "John Doe" mental health specialist employed by Advent Health, Inc., and two "John Doe" deputies employed by the Hillsborough County Sheriff's Office, were deliberately indifferent to his serious medical needs in failing to provide him appropriate medical care when he was showing symptoms of having a stroke. Defendants' actions, Mr. Brown contends, violated his rights under the Eighth Amendment to the United States Constitution. After examining the complaint in accord with 28 U.S.C. §

1

1915(e)(2)(B), the Court concludes that the complaint must be dismissed without prejudice.[1]

The complaint identifies none of the names of the Defendants.[2] Unknown persons cannot be served with process until they are identified by their names. It is not the Court's responsibility to investigate the names and identities of unnamed defendants. Mr. Brown must identify at least one defendant by name so service of process can be accomplished. He then can attempt to identify other defendants through discovery.

Accordingly:

1. The complaint (Doc. 1) is **DISMISSED**. The dismissal is without prejudice to Mr. Brown filing an amended complaint within 30 days from this Order. Mr. Brown must use the form provided to him by the Clerk and write "Amended Complaint" on the form. Failure to timely file an amended complaint will result in dismissal of this action without further notice.

2. The Clerk of the Court must send a copy of the Court's form for initiating a civil rights action to Mr. Brown with his copy of this Order.

3. Because Mr. Brown was granted leave to proceed *in forma pauperis*, his motion to

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] It is not clear whether Mr. Brown intended to name Naphcare, Inc., as a defendant. Even if that was his intention, no allegation shows a causal connection between Naphcare, Inc., and the alleged constitutional violation. And Naphcare, Inc., cannot be held liable under § 1983 based on respondeat superior. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) (respondeat superior unavailable in section 1983 action).

supplement his motion to proceed *in forma pauperis* (Doc. 5) is **DENIED** as unnecessary.

4. Mr. Brown's motion to appoint counsel (Doc. 6) and motion for referral to volunteer attorney program (Doc. 12) are **DENIED** without prejudice because he has not established exceptional circumstances that would warrant the appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (appointment of counsel in a civil case is appropriate only in exceptional circumstances, such as when the facts and legal issues are so novel and complex as to require the assistance of a trained practitioner).

5. Mr. Brown's Motion for Discovery of Defendants [sic] Names (Doc. 9) in which he moves the Court to compel Chad Chronister, the Sheriff of Hillsborough County, to produce the names of the John and Jane Doe defendants, is **DENIED** without prejudice. Sheriff Chronister was not named as a party, and Mr. Brown has alternative means to obtain the information, including identifying some or all of those defendants through discovery from Naphcare, Inc., whom Mr. Brown appears to intend to name as a defendant.

ORDERED in Tampa, Florida, on April 5, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: *Pro Se* Plaintiff