UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM P. BROWN,

    Plaintiff,

v.                                                      Case No. 8:23-cv-141-WFJ-AEP

CHAD CHRONISTER, SHERIFF,
HILLSBOROUGH COUNTY, *et al*.,

    Defendants.
_____/

## ORDER

Before the Court is Mr. Brown's Second Amended Complaint (Doc. 19). He alleges that between June 17 and June 25, 2022, while detained at the Faulkenburg Road Jail (FRJ) in Hillsborough County, Florida, medical personnel and correctional officers were deliberately indifferent to his serious medical needs in failing to provide him appropriate medical care when he was showing symptoms of having a stroke. He contends his rights under the Eighth Amendment to the United States Constitution were violated. After examining the complaint in accord with 28 U.S.C. § 1915(e)(2)(B), the Court concludes that the claims against some defendants must be dismissed.[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

I. Medical Company Defendants

The Second Amended Complaint fails to state a claim upon which relief can be granted against the named medical defendants, Naphcare, Inc., Techcare, Inc., and Advent Care, Inc., seemingly contracted to provide medical care to prisoners at FRJ, under *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). Under *Monell*, a plaintiff must allege that the constitutional deprivation was the result of "an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law." *Denno v. Sch. Bd. of Volusia Cnty.*, 218 F.3d 1267, 1276 (11th Cir.2000).[2] Mr. Brown makes no allegations specific enough to satisfy the requirement he demonstrate the constitutional deprivation resulted from an official corporate policy, the actions of an official fairly deemed to represent the entity's policy, or a custom or practice "so pervasive and well-settled that it assumes the force of law." *Id.*, 218 F.3d at 1276. And these defendants cannot be held liable for the conduct of their employees pursuant to *respondeat superior*. *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Accordingly, the claims against the medical company defendants will be dismissed.

II. Sheriff Chronister and Unnamed Correctional Officers

    A. Sheriff Chronister

Mr. Brown sues Sheriff Chronister in his official and individual capacities (Doc. 19 at 2). The claim against Sheriff Chronister in his official capacity is a claim against Hillsborough

---

[2] "[T]he *Monell* rationale applies to private entities acting in the place of a municipality." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997).

County. *Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020). Mr. Brown therefore must allege that one of the county's customs, practices, or policies caused — and was the "moving force" behind — the constitutional injury. *Id.* (citing *Monell*, 436 U.S. at 690). The Second Amended Complaint only alleges that Sheriff Chronister failed to ensure Mr. Brown's medical complaints were "immediately attended to" and "not intentionally ignored." (Doc. 1 at 4, supplemental page 1). The Second Amended Complaint fails to allege that any constitutional violation resulted from "(1) an action taken or policy made by an official responsible for making final policy in that area of the [Sheriff's Department's] business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Goodman v. Kimbrough*, 718 F.3d 1325, 1335 (11th Cir. 2013) (citation and quotations omitted). Thus, Mr. Brown fails to state a claim against Sheriff Chronister in his official capacity.

Mr. Brown likewise fails to state a claim against Sheriff Chronister in his individual capacity. The Second Amended Complaint alleges no facts describing Sheriff Chronister's involvement in Mr. Brown's medical care or a policy causing the lack of medical care that could render Sheriff Chronister liable under a supervisory theory. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (To state a claim for relief against a supervisor in his individual capacity, a plaintiff must allege that either (1) "the supervisor personally participate[d] in the alleged unconstitutional conduct" or (2) "there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation."). Therefore, the claims against Sheriff Chronister must be dismissed.

B. Unnamed Correctional Officers

At this stage of the proceedings, Mr. Brown has sufficiently pled individual liability against the unnamed correctional officers (See Doc. 19 at supplemental pages 2, 4).[3] However, this action cannot proceed without the identity of at least one individual who has allegedly violated Mr. Brown's constitutional rights. Therefore, the claim of deliberate indifference to Mr. Brown's serious medical needs will remain pending against the unnamed correctional officers, and Sheriff Chronister.[4] *See Brown v. Sikes*, 212 F.3d 1205 (11 Cir. 2000) (because of the difficulty prisoners may have in identifying alleged wrongdoers before filing a complaint, prisoners may discover the identity of the proper defendants by suing supervisory officials). Mr. Brown may discover the identity of the individual officers by using discovery methods available to him to gather information from the Sheriff after the Sheriff waives service or is served.

Accordingly:

1. The claims against Defendants Naphcare, Inc., Techcare, Inc., and Advent Care, Inc., are **DISMISSED**.

2. The case remains pending against Sheriff Chronister for the purpose of discovering the identities of the "John Doe" correctional officers.

---

[3] To the extent Mr. Brown sues the officers in their official capacities (see Doc. 19 at docket page 4), the claims are essentially claims against the entity the officers represent, Hillsborough County, and are dismissed for the same reasons the official capacity claim against Sheriff Chronister was dismissed. *See Monell*, 436 U.S. at 690 n. 55.

[4] The Second Amended Complaint does not name any medical personnel at FRJ as a defendant.

4

3. A notice of lawsuit and request for waiver of service of process will be sent to Sheriff Chronister by separate order.

ORDERED in Tampa, Florida, on July 24, 2023.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　WILLIAM F. JUNG
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copy to: William P. Brown, *pro se*