# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

WILLIAM P. BROWN,

     Plaintiff,

v.                             Case No. 8:23-cv-141-WFJ-AEP

CHAD CHRONISTER, SHERIFF,
HILLSBOROUGH COUNTY, *et al.*,

     Defendants.

_____/

## **ORDER**

     Before the Court are Mr. Brown's Third Amended Complaint (Doc. 55) and Motion for Service of Process (Doc. 56). The Third Amended Complaint names Chad Chronister, the Sheriff of Hillsborough County, and Bonnie M. Wise, the Chief Administrator for Hillsborough County, as defendants and alleges they are liable for the actions of medical and correctional staff at the Faulkenburg Road Jail who failed to provide proper medical care to Mr. Brown between June 17, 2022, and June 25, 2022, which led to Mr. Brown suffering a massive stroke. After examining the complaint in accord with 28 U.S.C. § 1915(e)(2)(B), the Court concludes that the Third Amended Complaint must be dismissed with leave to amend.[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that

## I. Defendant Wise

Mr. Brown alleges "Hillsborough County administrator Bonnie M. Wise is vicariously liable for the deliberate indifference actions or omissions of Sheriff Chronister, his deputies and agents. . . ." (Doc. 55 at 8). This allegation fails to state a claim upon which relief may be granted because "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted). Because Mr. Brown alleges no other basis for holding Defendant Wise liable, his claim against Defendant Wise must be dismissed.

## II. Sheriff Chronister

Mr. Brown alleges either Sheriff Chronister's policies or procedures or his failure to adequately train the medical and correctional staff caused his injuries. In *Cottone*, the Eleventh Circuit stated:

> [S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy ... result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

---

the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Id.* at 1360 (internal citations and quotation marks omitted).

Mr. Brown does not allege that Sheriff Chronister personally participated in the alleged unconstitutional conduct which led to his stroke. Instead, Mr. Brown alleges there is a causal connection between Sheriff Chronister and Mr. Brown's stroke based on Sheriff Chronister's failure to train the medical and correctional staff, or his policies and procedures. However, Mr. Brown has alleged only conclusory allegations, not facts, to show that Sheriff Chronister established an unconstitutional policy or procedure or failed to adequately train staff.[2]  These conclusory allegations are insufficient to meet Mr. Brown's burden to support his complaint with specific and adequate factual allegations. *See, e.g., Hathcock v. Armor Corr. Health Servs., Inc.,* 186 F. App'x 962 (11th Cir. 2006) (prisoner's conclusory allegations of inadequate training were insufficient to sustain his claim under § 1983 against county sheriff for failure to properly train prison staff, where prisoner had not identified a specific policy leading to a constitutional violation, he could not rely on theory of vicarious liability, and he made no specific claims against sheriff that established a causal connection between the alleged failure to train and any injury he sustained).

Accordingly:

---

[2]  Although Mr. Brown alleges Sheriff Chronister's "failures and omissions of policy, procedures, protocol, or training" led to his injuries (Doc. 55 at 5), Mr. Brown fails to identify any particular custom, policy, procedure, or protocol which led to his injuries. And Mr. Brown's allegation that "[i]t was clear that" medical and correctional staff "were not properly trained or [were] undertrained" (*id.* at 2) is conclusory and insufficient to state a claim for relief. *See, e.g., McDaniel v. Yearwood*, 2012 WL 526078, at *16 (N.D. Ga. Feb. 16, 2012) ("[W]hile Plaintiff makes vague and conclusory allegations of failure to train and supervise, Plaintiff has failed to allege facts making a plausible showing that Sheriff Smith in actuality failed to train or supervise the deputies in this case. Plaintiff does not allege what training or supervision the deputies did receive, if any, or what training or supervision was lacking and needed.").

1. The Third Amended Complaint (Doc. 55) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

   a. The Court will grant Mr. Brown *one final opportunity* to amend his complaint within THIRTY DAYS of this Order.

   b. To amend, Mr. Brown must complete a new civil rights complaint form, titling it "Fourth Amended Complaint." The Fourth Amended Complaint must include all claims and may not refer to, or incorporate, any prior complaint. The Fourth Amended Complaint shall supersede all prior complaints. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

   c. The Fourth Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Brown fails to file a Fourth Amended Complaint within thirty days or fails to seek an extension of time to do so, this Order will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. The Clerk must mail to Mr. Brown a copy of both the standard prisoner civil rights

4

complaint form and this Order.

4. Because there is no complaint to serve, Mr. Brown's Motion for Service of Process

(Doc. 56) is **DENIED** without prejudice.

ORDERED in Tampa, Florida, on May 13, 2024.


WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to: Counsel of Record
            William P. Brown, *pro se*